# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HUFFMAN,<br>BOP #12723-018,<br><br>                    Plaintiff,<br><br>vs.<br><br>BOP,<br><br>                    Defendant. | Civil No.    12cv2334 CAB (WVG)<br><br>**ORDER TRANSFERRING CIVIL ACTION FOR LACK OF PROPER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION, PURSUANT TO 28 U.S.C. § 84(c)(1), 28 U.S.C. § 1391(b) AND 28 U.S.C. § 1406(a)** |

    Richard Huffman ("Plaintiff"), a federal prisoner currently incarcerated at USP Victorville in Adelanto, California, has filed a civil rights action captioned as an "Emergency Injunction" in which he alleges Bureau of Prison officials at USP Victorville have denied medical treatment for his somnambulism and have failed to place him in a single cell for his own safety. (Compl. at 3.) Plaintiff seeks an "injunction to house [him] in a single cell pending [a] diagnosis and treatment plan." (*Id.* at 4.)

    Plaintiff has neither prepaid the $350 civil filing fee mandated by 28 U.S.C. § 1914(a), nor filed a Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(a).

/ / /

/ / /

**I.     Venue**

Upon initial review, the Court finds that Plaintiff's case lacks proper venue. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

Section 1391(b) of Title 28 of the U.S. Code provides that:

> [a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff alleges constitutional violations arising out of conditions of his confinement at USP Victorville, located in Adelanto, California, which is within the county of San Bernardino. *See* 28 U.S.C. § 84(c)(1) ("The Eastern Division [of the Central District of California] comprises the counties of Riverside and San Bernardino."). Moreover, the only named Defendant is the BOP, and presumably (although not clearly identified), USP Victorville officials in Adelanto; no Defendant is alleged to reside in San Diego or Imperial County. (Compl. at 1.) Therefore, the Court finds venue is proper in the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 84(c)(1), but not in the Southern District of California pursuant to 28 U.S.C. § 84(d). *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

///

///

**II.     Conclusion and Order**

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of the Court shall transfer this case for lack of proper venue, in the interests of justice and for the convenience of all parties, to the docket of the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 84(c)(1), 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a).[1]

DATED: September 28, 2012

_____
**CATHY ANN BENCIVENGO**
United States District Judge

---

[1] Because the Court finds transfer appropriate, it expresses no opinion as to whether Plaintiff's pleading survives the sua sponte screening required by 28 U.S.C. § 1915A. *See Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing screening procedure required of prisoners' complaints by 28 U.S.C. § 1915A(b)).